IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SATÉLITES MEXICANOS, S.A. DE C.V. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 11-[11035] (CSS)<br><br>(Joint Administration Requested) |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363(b), 365(a), 503(b)(1) AND 507(a)(2) AND BANKRUPTCY RULES 2002, 6003, 6004(h) AND 6006 FOR AN ORDER: (I) AUTHORIZING THE DEBTORS TO (A) ASSUME THE BACKSTOP COMMITMENT AGREEMENT AND ENTER INTO THE RIGHTS OFFERING ESCROW AGREEMENT IN CONNECTION WITH RIGHTS OFFERING AND (B) INCUR AND PAY RELATED FEES, EXPENSES AND INDEMNIFICATION OBLIGATIONS; (II) FINDING THAT ANY PROCEEDS AND OTHER ASSETS HELD IN THE RIGHTS OFFERING ESCROW ACCOUNTS ARE NOT PROPERTY OF THE ESTATE AND SHOULD NOT BE CONSOLIDATED WITH THE DEBTORS' ASSETS OR ESTATES PRIOR TO THE EFFECTIVE DATE; (III) APPROVING THE RIGHTS OFFERING PROCEDURES AND FORMS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order pursuant to Sections 105(a), 363(b), 365(a), 503(b)(1) and 507(a)(2) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6003, 6004(h) and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (I) authorizing the Debtors to (A) assume the Backstop Commitment Agreement and enter into the Rights Offering Escrow Agreement in connection with the Rights Offering and (B) incur and pay related fees, expenses and indemnification obligations, (II) finding that any proceeds and other assets held in the Rights Offering Escrow Accounts are not

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Satélites Mexicanos, S.A. de C.V. (0653); Alterna'TV Corporation (2940); and Alterna'TV International Corporation (4784).

[2] All terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion.

property of the estate and should not be consolidated with the Debtors' assets or estates prior to the Effective Date of the Plan, (III) approving the Rights Offering Procedures and Forms, and (IV) granting related relief; and upon the First day Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as set forth in the Motion; and it appearing that no further notice of the Motion need be given; and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and the Debtors having established that the relief is necessary to avoid immediate and irreparable harm in accordance with Bankruptcy Rule 6003; and any objections to the requested relief having been withdrawn or overruled on the merits; and, after due deliberation and sufficient cause appearing therefor, this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; it is hereby

ORDERED, DECREED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to assume the Backstop Commitment Agreement and execute and thereby enter into the Rights Offering Escrow Agreement, pursuant to which the proceeds of the Rights Offering will be held pending consummation of the Plan, and to take all actions in connection therewith.

3. The Debtors are further authorized to deliver all documents and perform all agreements under the Backstop Commitment Agreement and the Rights Offering Escrow Agreement.

4.     The Debtors are authorized to incur and pay all of their fees, expenses and indemnification obligations set forth in the Rights Offering Agreements, on the terms and conditions set forth therein as allowed administrative expense claims under Sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code without notice, hearing or further order of the Court, including but not limited to the fees and expenses of the advisors to the Backstop Parties in connection with the Transactions contemplated by the Backstop Commitment and the Escrow Agent's customary fees and expenses for all services rendered by the Escrow Agent

5.     The Debtors are authorized to enter into any amendments to the Rights Offering Agreements, as necessary.

6.     The failure to describe specifically or include any particular provision of the Rights Offering Agreements in this order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the assumption of or entry into, as applicable, the Rights Offering Agreements be approved in their entirety.

7.     As of the date of this order, no default exists under the Backstop Commitment Agreement and, therefore, the Debtors are not required to satisfy the requirements of Bankruptcy Code Section 365(b)(1). Accordingly, the Debtors are not required to: (a) cure, or provide adequate assurance that the Debtors will promptly cure, any default under the Backstop Commitment Agreement; (b) compensate, or provide adequate assurance that the Debtors will promptly compensate, the parties to the Backstop Commitment Agreement for any actual pecuniary loss resulting from any default; or (c) provide adequate assurance of future performance of the Backstop Commitment Agreement.

8. Notwithstanding anything herein to the contrary, this Order does not authorize the Debtors to borrow any funds under the Rights Offering Agreements or to pledge any assets to secure any obligations under the Rights Offering, all of which will be subject to approval in connection with confirmation of the Plan.

9. Nothing in this Order shall prohibit the Debtors from seeking authority from the Court to increase the amounts authorized to be paid hereunder.

10. None of the proceeds of the Rights Offering or other assets held in the Rights Offering Escrow Accounts shall constitute property of the Debtors' estates and/or be consolidated with the Debtors' assets or estates prior to the Effective Date.

11. The Debtors are authorized to conduct the Rights Offering substantially in accordance with the procedures attached hereto as **Exhibit A**.

12. The Debtors are authorized to make non-substantive modifications to the Rights Offering Procedures, with the consent of the Requisite Backstop Parties.

13. The Subscription Form for the Eligible Rights Holders, substantially in the form attached hereto as **Exhibit B** is approved.

14. The Debtors are authorized to make non-substantive amendments to the Subscription Form, with the consent of the Requisite Backstop Parties.

15. In accordance with the Rights Offering Procedures, the Debtors shall distribute to all Eligible Rights Holders as of the Election Expiration Time (i) the Subscription Form, together with detailed instructions for the proper completion, due execution and timely delivery of the Subscription Form and calculating the amount of the Primary Rights Subscription Exercise Price, (ii) the Rights Offering Procedures and (iii) copies of the Master Investor Rights Agreement and the Satmex Investment Holdings L.P. partnership agreement.

16. In accordance with the Rights Offering Procedures, the Rights Offering will commence on the day upon which the Subscription Packages are mailed or otherwise made available to Eligible Rights Holder (which date shall be as soon as reasonably practicable after the Election Expiration Time). The Rights Offering will end, any unexercised Subscription Rights will expire, at 5:00 p.m. (prevailing Eastern time) on May 3, 2011.

17. Rule 6003 of the Bankruptcy Rules has been satisfied.

18. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

20. This Order shall be binding on all successors and assigns, including any trustee appointed in these Chapter 11 Cases.

21. Notwithstanding anything to the contrary in the Rights Offering Agreements, this Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 4/13, 2011

_____
UNITED STATES BANKRUPTCY JUDGE